# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE THOMAS-YOUNG, | CASE NO. 1:12-cv-01410-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| | (Docket No. 12) |
| MEMORIAL MEDICAL CENTER, et al., | |
| Defendants. | |

## I.  INTRODUCTION

On May 14, 2013, the parties filed a stipulated request for a protective order regarding confidential, proprietary, private and/or trade secret information. (Doc. 12.) The Court has reviewed the stipulation and proposed protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES the parties' request without prejudice.

## II.  DISCUSSION

**A.  The Parties Fail to Comply with Local Rule 141.1(c)**

The stipulation and proposed order do not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulation and proposed order fail to contain this required information.

The parties comply generally with Local Rule 141.1(c)(1) and provide a description of information eligible for protection (*see* Doc. 12, ¶ 1.) However, the proposed protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." No explanation is provided as to why a particularized need for protection is required.

Likewise, Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement. The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 12, ¶ 11.) However, it is unclear how the Court could decide such a dispute since the proposed protective order fails to identify the need for such protection; therefore, no guidance has been given to the Court as to how such a dispute should be resolved.

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may refile a revised stipulation and proposed order for a protective order that comply with Local Rule 141.1(c) and correct the deficiencies set forth in this order. The parties are informed that any proposed order emailed to the Court for approval must contain the electronic signature and date signed for all counsel.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request for a protective order (Doc. 12) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

**Dated:     May 17, 2013**                          **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

2