1 | Galen T. Shimoda (SBN 226752)
  | Jennet F. Zapata (SBN 277063)
2 | **Shimoda Law Corp.**
  | 9401 East Stockton Blvd., Suite 200
3 | Elk Grove, CA 95624
4 | Telephone: (916) 525-0716
  | Facsimile: (916) 760-3733
5 | Email: attorney@shimodalaw.com
  |         jzapata@shimodalaw.com

Attorneys for Plaintiff DIANE THOMAS-YOUNG

Jahmal Davis (SBN 191504)
David A. Abella (SBN 275982)
**Hanson Bridgett LLP**
425 Market Street, 26th Floor
San Francisco, CA  94105
Phone: (415) 995-5815
Fax: (415) 541-9366
Email: Jdavis@hansonbridgett.com
Email: DAbella@hansonbridgett.com

Attorney for Defendants SUTTER CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| DIANE THOMAS-YOUNG | ) Case No.:  1:12-CV-01410-AWI-SKO |
|---|---|
| Plaintiff, | ) |
| vs. | ) **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL, PROPRIETARY, PRIVATE INFORMATION** |
| SUTTER CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER, a California Corporation; and Does 1-100, inclusive, | ) |
| Defendants. | ) |

WHEREAS, the parties believe that discovery in this action will involve production by the parties of documents, material, or testimony containing or concerning confidential or

---
**STIP.  AND PROTECTIVE ORDER**     Case No.: 1:12-CV-01410-AWI-SKO     1

proprietary business or financial, or other information which otherwise may be deemed confidential;

WHEREAS, in light of these confidentiality concerns, the parties mutually wish to establish procedures which will be fair to each of them.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between Plaintiff DIANE THOMAS-YOUNG ("Plaintiff") and Defendant SUTTER CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER ("Defendants"), collectively ("the parties"), by and through their attorneys of record:

1.  This Confidentiality Order ("Order") shall govern the designation and handling of documents, records, discovery responses, or testimony containing or concerning confidential or proprietary non-public, financial, or personal private information, including but not limited to medical records, income and pay documents, retirement documents, and similar third party information.

2.  There is a need for protection of the categories of information listed above for the following reasons:

    a. Private/Financial Information: Plaintiff has produced and will produce income statements or documents showing her earnings (*i.e.* W2's/1099 forms), financial records relating to retirement accounts or savings, and documents relating to fringe benefits received while in the employ of Defendant and other employers, which are all protected by the right of privacy under the U.S. Constitution and Article I of the California Constitution.

    b. Private Information Relating to Third Parties: Plaintiff will produce documents containing information about her son and/or her son's medical condition, and records relating to Plaintiff's need for leave under the Family Medical Leave Act, which are protected by the right of privacy.

3.  This Court should address the need for protection of this information because the parties may disagree as to the designation of documents or testimony as confidential, and

1  the parties will be able to request the Court to resolve such dispute, pursuant to paragraphs 10
2  and 14, herein.
3        4.      With respect to any confidential information or documents within the scope of
4  paragraph 1 and 2 above, the person or entity producing the documents or information may
5  designate, prior to or at the time of production of documents or disclosure of other discovery
6  material, or after the production of such documents or other discovery material, all or any
7  portion of such material, documents or information as "confidential" by notice legend on the
8  documents or materials, or by designating in writing to other parties, as provided in paragraph
9  12 below, the document numbers of such documents containing confidential information.
10        5.      A party may designate any portion of deposition testimony or exhibits as
11  "confidential" information under the terms of this Order on the record during the deposition or
12  within 30 days after receipt of the transcript by the witness, as provided under paragraph 12
13  below.
14        6.      A party may designate any material produced as "confidential" pursuant to this
15  Order.  A party may designate as "confidential" any information that the party in good faith
16  believes constitutes confidential information within the scope of paragraph 1 above.  The
17  parties may designate as "confidential" any confidential personal information or information
18  subject to a legally protected right of privacy.
19        7.      The term "Confidential" information as used herein shall mean all information
20  contained or set forth in any document, material or testimony which has been designated by any
21  party or third party as confidential pursuant to the terms of this Order.
22        8.      Unless otherwise ordered by the Court in this action, all confidential information
23  will be held by the receiving party solely for the use in connection with this litigation and will
24  be maintained and disclosed only in accordance with this Order.  Experts referred to in
25  paragraph 9(d) who have complied with the requirements of paragraph 9 hereof may review
26  and retain certain documents and other Confidential information for purposes of study,
27  analysis, and preparation in connection with the case.
28        9.      Except with prior written consent of the party designating the information as

Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties, Confidential information shall not be disclosed by any party to any person other than:

    a)    counsel for the respective parties to this litigation, including in house counsel for purposes related to this litigation;

    b)    employees or independent contractors of each such law firm;

    c)    any named party;

    d)    experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

    e)    the Court and court personnel, including stenographic reporters as necessary incident to the preparation for trial or trial of this action;

    f)    noticed or subpoenaed deponents and their counsel; and

    g)    any person identified as having authored or previously reviewed or received the Confidential material at issue.

Confidential documents may be shown to any person listed in sub paragraph d) and f) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").  A party that has produced particular Confidential documents (as opposed to a party that has received the Confidential documents) may, however, disclose such Confidential documents to any person or entity, with or without any conditions to such disclosure, as the party deems appropriate.  Counsel for each party will make a good faith effort to persuade non-party deponents who are not current employees, officers, directors, or shareholders of any party to sign Exhibit "A".

    10.    Counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 9.  These Certifications need not be disclosed to the opposing parties absent further order by the Court.

    11.    Any person receiving Confidential information shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive

1  such information as set forth herein.

2      12.    When any discovery material produced or disclosed, or any deposition
3  testimony given, is claimed to contain Confidential information, it shall be stamped or marked
4  "CONFIDENTIAL" or with similar legend.  In the event, however, that a party produces
5  original documents for inspection or copying, the party may designate Confidential information
6  by document number, and the appropriate legend shall be placed on the documents by the
7  producing party during the copy process.  If the claim is made at deposition that subject matter
8  or material is Confidential or contains or concerns Confidential information, the court reporter
9  shall stamp or mark the appropriate legend on the cover page and relevant pages of the
10 transcript.  If the claim is made within thirty days after receipt of the deposition transcript, the
11 party designating the material Confidential shall inform counsel for all parties, in writing, of the
12 specific pages of the transcript to be treated as Confidential.  Upon receipt of such notice, any
13 person or party in possession of copies of such designated transcript shall affix a suitable
14 legend thereto.

15     13.    In the event that counsel for any party determines to file with or submit to the
16 Court (a) any Confidential material, or information derived therefrom, or (b) any papers
17 containing or making reference to such information, such counsel shall provide written notice
18 to the counsel for the opposing party five (5) court days prior to the date such counsel intends
19 to submit any such information to the Court.  Such written notice shall identify the specific
20 bates-numbered pages of the Confidential material (or information derived therefrom or
21 reference made thereto) that the party intends to submit to the Court.  Such written notice is
22 intended to allow the opposing party to seek a ruling from the Court that such information shall
23 be filed under seal, in accordance with Eastern District of California Local Rule 141.  Such
24 information shall not be filed with the Court until the Court has ruled on the opposing party's
25 request for an order that such information shall be filed under seal.

26     14.    The parties shall not be obligated to challenge the propriety of a confidential
27 information designation at the time made, and a failure to do so shall not preclude a subsequent
28 challenge thereto.  In the event that a party objects at any stage of these proceedings to the

propriety of a designation by a party of any information as confidential, the parties shall attempt first to dispose of the dispute in good faith on an informal basis.  If the disputed cannot be resolved, any party may seek appropriate relief from the Court, and the party challenging the Confidentiality designation shall have the burden of proving that the information designated as Confidential is not subject to the restrictions of this Order.  The party challenging the Confidentiality designation may not make any unauthorized disclosure of any information designated as Confidential unless and until the Court has ruled that the challenge information is not subject to the restrictions of this Order.

15.     All provisions of this Order restricting the communication or use of Confidential information shall continue to be binding after the concluding of this action unless subsequently modified by the agreement between the parties or under the Court.

16.     Within ninety (90) days after the final termination of this action, including all appeals, any and all Confidential information and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that produced the material.  However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel subject to the terms of this Order.

17.     Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange or use of any document, testimony, interrogatory, response or other information produced, given or exchanged in the course of pretrial discovery in this action.

18.     This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party.  Nothing herein shall be deemed to waive any applicable privilege or to be construed as an acknowledgement of the applicability of any privilege.

19.     All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such

1  sanctions as the Court, on motion and after hearing, deem just.  The terms and conditions of
2  this Order shall remain in full force and effect until further order of this Court or a Court of
3  competent jurisdiction and shall not cease to be in effect because this litigation is finally
4  adjudicated.  The Court shall retain jurisdiction over this matter after entry of final judgment to
5  enforce the terms of this Order.
6      20.    The inadvertent failure of any party to designate as confidential any document
7  produced in the course of regular discovery in this action shall not constitute a waiver of that
8  party's right to assert later that such document is confidential.
9      21.    The court retains jurisdiction to make such amendments, modifications and
10  additions to this order as it may deem appropriate.
11
12  **IT IS SO STIPULATED:**
13
14  DATED:  May 28, 2013                  **Shimoda Law Corp.**
15
16                                              By: /s/Galen T. Shimoda
17                                                  Galen T.  Shimoda
                                                Attorneys for Plaintiff
                                                DIANE THOMAS-YOUNG
18
19  DATED:  May 27, 2013                  **Hanson Bridgett LLP**
20
21                                              By: /s/David A. Abella
                                                Jahmal Davis (SBN 191504)
22                                                  David A. Abella (SBN 275982)
                                                (as authorized on 5/27/2013)
23                                                  Attorney for Defendant SUTTER
                                                CETRAL VALLEY HOSPITALS dba
24                                                  MEMORIAL MEDICAL CENTER
25
26
27
28

# **EXHIBIT A**

I _____, hereby state and declare that I have read and understand the attached Protective Order of the United States District Court, Eastern District of California, in the matter of *Diane Thomas-Young v Sutter Central Valley Hospitals dba Memorial Medical Center et al.*, United States Eastern District Court Case No. 1:12-CV-01410-AWI-SKO, and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the United States District Court, Eastern District of California with respect to enforcement of the Confidentiality Order.

Executed this ____ day of _____, 2013, at _____.

_____

## ORDER

Pursuant to the stipulation of the parties, the above Protective Order is approved by the Court.

IT IS SO ORDERED.

Dated:   **May 29, 2013**                              **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE