1  Galen T. Shimoda (SBN 226752)
   Jennet F. Zapata (SBN 277063)
2  **Shimoda Law Corp.**
   9401 East Stockton Blvd., Suite 200
3  Elk Grove, CA 95624
4  Telephone: (916) 525-0716
   Facsimile: (916) 760-3733
5  Email: attorney@shimodalaw.com
           jzapata@shimodalaw.com
6
7  Attorneys for Plaintiff DIANE THOMAS-YOUNG

8  Jahmal Davis (SBN 191504)
   David A. Abella (SBN 275982)
9  **Hanson Bridgett LLP**
   425 Market Street, 26th Floor
10 San Francisco, CA  94105
   Phone: (415) 995-5815
11 Fax: (415) 541-9366
   Email: Jdavis@hansonbridgett.com
12 Email: DAbella@hansonbridgett.com

13
14 Attorney for Defendants SUTTER CENTRAL VALLEY
   HOSPITALS dba MEMORIAL MEDICAL CENTER

15

16                    **UNITED STATES DISTRICT COURT**

17                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| DIANE THOMAS-YOUNG | **Case No.:  1:12-CV-01410-AWI-SKO** |
| Plaintiff, | |
| vs. | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL, PROPRIETARY, PRIVATE INFORMATION** |
| SUTTER CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER, a California Corporation; and Does 1-100, inclusive, | |
| Defendants. | |

27        WHEREAS, the parties believe that discovery in this action will involve production by

28 the parties of documents, material, or testimony containing or concerning confidential or

---
**STIP.  AND PROTECTIVE ORDER**        Case No.: 1:12-CV-01410-AWI-SKO                    1

1 proprietary business or financial, or other information which otherwise may be deemed
2 confidential;
3     WHEREAS, in light of these confidentiality concerns, the parties mutually wish to
4 establish procedures which will be fair to each of them.
5     THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and
6 between Plaintiff DIANE THOMAS-YOUNG ("Plaintiff") and Defendant SUTTER
7 CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER ("Defendants"),
8 collectively ("the parties"), by and through their attorneys of record:
9     1.    This Confidentiality Order ("Order") shall govern the designation and handling
10 of documents, records, discovery responses, or testimony containing or concerning confidential
11 or proprietary non-public, financial, or personal private information, including but not limited
12 to medical records, income and pay documents, retirement documents, and similar third party
13 information.
14     2.    There is a need for protection of the categories of information listed above for
15 the following reasons:
16         a.    Private/Financial Information: Plaintiff has produced and will produce
17             income statements or documents showing her earnings (*i.e.* W2's/1099
18             forms), financial records relating to retirement accounts or savings, and
19             documents relating to fringe benefits received while in the employ of
20             Defendant and other employers, which are all protected by the right of
21             privacy under the U.S. Constitution and Article I of the California
22             Constitution.
23         b.    Private Information Relating to Third Parties: Plaintiff will produce
24             documents containing information about her son and/or her son's medical
25             condition, and records relating to Plaintiff's need for leave under the Family
26             Medical Leave Act, which are protected by the right of privacy.
27     3.    This Court should address the need for protection of this information because
28 the parties may disagree as to the designation of documents or testimony as confidential, and

1   the parties will be able to request the Court to resolve such dispute, pursuant to paragraphs 10
2   and 14, herein.
3       4.    With respect to any confidential information or documents within the scope of
4   paragraph 1 and 2 above, the person or entity producing the documents or information may
5   designate, prior to or at the time of production of documents or disclosure of other discovery
6   material, or after the production of such documents or other discovery material, all or any
7   portion of such material, documents or information as "confidential" by notice legend on the
8   documents or materials, or by designating in writing to other parties, as provided in paragraph
9   12 below, the document numbers of such documents containing confidential information.
10       5.    A party may designate any portion of deposition testimony or exhibits as
11   "confidential" information under the terms of this Order on the record during the deposition or
12   within 30 days after receipt of the transcript by the witness, as provided under paragraph 12
13   below.
14       6.    A party may designate any material produced as "confidential" pursuant to this
15   Order.  A party may designate as "confidential" any information that the party in good faith
16   believes constitutes confidential information within the scope of paragraph 1 above.  The
17   parties may designate as "confidential" any confidential personal information or information
18   subject to a legally protected right of privacy.
19       7.    The term "Confidential" information as used herein shall mean all information
20   contained or set forth in any document, material or testimony which has been designated by any
21   party or third party as confidential pursuant to the terms of this Order.
22       8.    Unless otherwise ordered by the Court in this action, all confidential information
23   will be held by the receiving party solely for the use in connection with this litigation and will
24   be maintained and disclosed only in accordance with this Order.  Experts referred to in
25   paragraph 9(d) who have complied with the requirements of paragraph 9 hereof may review
26   and retain certain documents and other Confidential information for purposes of study,
27   analysis, and preparation in connection with the case.
28       9.    Except with prior written consent of the party designating the information as

Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties, Confidential information shall not be disclosed by any party to any person other than:

    a)    counsel for the respective parties to this litigation, including in house counsel for purposes related to this litigation;

    b)    employees or independent contractors of each such law firm;

    c)    any named party;

    d)    experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

    e)    the Court and court personnel, including stenographic reporters as necessary incident to the preparation for trial or trial of this action;

    f)    noticed or subpoenaed deponents and their counsel; and

    g)    any person identified as having authored or previously reviewed or received the Confidential material at issue.

Confidential documents may be shown to any person listed in sub paragraph d) and f) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").  A party that has produced particular Confidential documents (as opposed to a party that has received the Confidential documents) may, however, disclose such Confidential documents to any person or entity, with or without any conditions to such disclosure, as the party deems appropriate.  Counsel for each party will make a good faith effort to persuade non-party deponents who are not current employees, officers, directors, or shareholders of any party to sign Exhibit "A".

    10.    Counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 9.  These Certifications need not be disclosed to the opposing parties absent further order by the Court.

    11.    Any person receiving Confidential information shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive

such information as set forth herein.

12. When any discovery material produced or disclosed, or any deposition testimony given, is claimed to contain Confidential information, it shall be stamped or marked "CONFIDENTIAL" or with similar legend. In the event, however, that a party produces original documents for inspection or copying, the party may designate Confidential information by document number, and the appropriate legend shall be placed on the documents by the producing party during the copy process. If the claim is made at deposition that subject matter or material is Confidential or contains or concerns Confidential information, the court reporter shall stamp or mark the appropriate legend on the cover page and relevant pages of the transcript. If the claim is made within thirty days after receipt of the deposition transcript, the party designating the material Confidential shall inform counsel for all parties, in writing, of the specific pages of the transcript to be treated as Confidential. Upon receipt of such notice, any person or party in possession of copies of such designated transcript shall affix a suitable legend thereto.

13. In the event that counsel for any party determines to file with or submit to the Court (a) any Confidential material, or information derived therefrom, or (b) any papers containing or making reference to such information, such counsel shall provide written notice to the counsel for the opposing party five (5) court days prior to the date such counsel intends to submit any such information to the Court. Such written notice shall identify the specific bates-numbered pages of the Confidential material (or information derived therefrom or reference made thereto) that the party intends to submit to the Court. Such written notice is intended to allow the opposing party to seek a ruling from the Court that such information shall be filed under seal, in accordance with Eastern District of California Local Rule 141. Such information shall not be filed with the Court until the Court has ruled on the opposing party's request for an order that such information shall be filed under seal.

14. The parties shall not be obligated to challenge the propriety of a confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects at any stage of these proceedings to the

**STIP. AND PROTECTIVE ORDER**     Case No.: 1:12-CV-01410-AWI-SKO                              5

propriety of a designation by a party of any information as confidential, the parties shall attempt first to dispose of the dispute in good faith on an informal basis.  If the disputed cannot be resolved, any party may seek appropriate relief from the Court, and the party challenging the Confidentiality designation shall have the burden of proving that the information designated as Confidential is not subject to the restrictions of this Order.  The party challenging the Confidentiality designation may not make any unauthorized disclosure of any information designated as Confidential unless and until the Court has ruled that the challenge information is not subject to the restrictions of this Order.

15. All provisions of this Order restricting the communication or use of Confidential information shall continue to be binding after the concluding of this action unless subsequently modified by the agreement between the parties or under the Court.

16. Within ninety (90) days after the final termination of this action, including all appeals, any and all Confidential information and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that produced the material.  However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel subject to the terms of this Order.

17. Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange or use of any document, testimony, interrogatory, response or other information produced, given or exchanged in the course of pretrial discovery in this action.

18. This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party.  Nothing herein shall be deemed to waive any applicable privilege or to be construed as an acknowledgement of the applicability of any privilege.

19. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such

1 sanctions as the Court, on motion and after hearing, deem just.  The terms and conditions of
2 this Order shall remain in full force and effect until further order of this Court or a Court of
3 competent jurisdiction and shall not cease to be in effect because this litigation is finally
4 adjudicated.  The Court shall retain jurisdiction over this matter after entry of final judgment to
5 enforce the terms of this Order.
6     20. The inadvertent failure of any party to designate as confidential any document
7 produced in the course of regular discovery in this action shall not constitute a waiver of that
8 party's right to assert later that such document is confidential.
9     21. The court retains jurisdiction to make such amendments, modifications and
10 additions to this order as it may deem appropriate.

**IT IS SO STIPULATED:**

DATED:  May 28, 2013            **Shimoda Law Corp.**

By: /s/Galen T. Shimoda
    Galen T.  Shimoda
    Attorneys for Plaintiff
    DIANE THOMAS-YOUNG

DATED:  May 27, 2013            **Hanson Bridgett LLP**

By: /s/David A. Abella
    Jahmal Davis (SBN 191504)
    David A. Abella (SBN 275982)
    (as authorized on 5/27/2013)
    Attorney for Defendant SUTTER
    CETRAL VALLEY HOSPITALS dba
    MEMORIAL MEDICAL CENTER

# **EXHIBIT A**

I _____, hereby state and declare that I have read and understand the attached Protective Order of the United States District Court, Eastern District of California, in the matter of *Diane Thomas-Young v Sutter Central Valley Hospitals dba Memorial Medical Center et al.*, United States Eastern District Court Case No. 1:12-CV-01410-AWI-SKO, and hereby agree to fully comply with the terms and conditions thereof.  I further consent to the jurisdiction of the United States District Court, Eastern District of California with respect to enforcement of the Confidentiality Order.

Executed this ____ day of _____, 2013, at _____.

_____

## **ORDER**

Pursuant to the stipulation of the parties, the above Protective Order is approved by the Court.

IT IS SO ORDERED.

Dated:   **May 29, 2013**                              **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

---

**STIP.  AND PROTECTIVE ORDER**      Case No.: 1:12-CV-01410-AWI-SKO                9