1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE THOMAS-YOUNG, | Case No.  1:12-cv-01410-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: INFORMAL DISCOVERY DISPUTE CONFERENCE** |
| SUTTER CENTRAL VALLEY HOSPITALS dba MEMORIAL MEDICAL CENTER, | (Docket Nos. 17-19) |
| Defendant. | |

## I.    INTRODUCTION

On December 4, 2012, the Court issued a Scheduling Order setting a mid-discovery status conference for June 12, 2013.  (Doc. 11.)  On June 5 and 7, 2013, Plaintiff Diane Thomas-Young ("Plaintiff") and Defendant Sutter Central Valley Hospitals DBA Memorial Medical Center ("Defendant") filed status reports for the mid-discovery status conference, which indicated that there were various discovery disputes between the parties.  (Docs. 17-19.)   The Court thus vacated the mid-discovery status conference and set an informal discovery dispute conference for June 26, 2013, at 4:00 p.m.

In preparation of the discovery dispute conference, the Court ORDERS the parties to continue to meet and confer and provides the following guidance regarding the various issues in dispute.  The Court further ORDERS the parties to submit additional briefing by no later than

1

1  **12:00 p.m. (noon) on Friday, June 21, 2013**, regarding the outcome of their meet and confer

2  efforts and to set forth the current status of any remaining disputes.

3  **II.   DISCUSSION**

4          The parties' status reports outlined various discovery disputes between the parties

5  consisting of issues related to the completion of Plaintiff's deposition, scheduling of depositions

6  of other witnesses, Plaintiff's responses to Defendant's first set of special interrogatories,

7  Plaintiff's objections to Defendant's second request for production of documents, and discovery

8  related to Plaintiff's emotional distress damages.  (Docs. 17-19.)

9          The Court's informal discovery dispute resolution process requires the parties to meet and

10  confer, either in person or via telephone, in a good faith effort to resolve the disputes and to limit

11  the issues to only those matters where the parties have a true dispute.  Here, the parties have

12  indicated that they have had numerous conference calls and written correspondence regarding

13  their discovery disputes but have been unable to resolve all the issues.  The parties are to continue

14  to meet and confer prior to the informal discovery dispute conference in an effort to resolve the

15  remaining issues and/or limit the scope of issues that remain unresolved.

16          Additionally, the parties shall each submit to the Court and serve to each other a brief

17  summary (no more than five (5) pages) that informs the Court as to the outcome of the additional

18  meet and confer efforts and discusses the remaining disputed discovery issues and the current

19  nature of the disputes.   The parties shall email the summaries to the Court at

20  skoorders@caed.uscourts.gov by no later than 12:00 p.m. (noon) on Friday, June 21, 2013.

21          To assist the parties in their meet and confer effort, the Court offers the below guidance

22  regarding the disputed discovery issues.

23  **A.      Plaintiff's Deposition**

24          The parties agreed that Plaintiff's deposition would take place over two days, and Plaintiff

25  appeared for her initial deposition on May 20, 2013.  There appears to be a dispute as to when the

26  second day of Plaintiff's deposition will take place, although the parties seem to have agreed that

27  the deposition would be held on either June 28 or July 8, 2013.  (Doc. 18, 4:7; Doc. 19, 3:11-12.)

28  As such, the parties are encouraged to confirm a date to conduct Plaintiff's deposition.

Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that, unless otherwise stipulated or ordered by the court, a deposition is limited to one day of seven hours. Defendant indicates that it may require additional time to conduct Plaintiff's deposition, and states that an additional session may be required. (Doc. 18, 4:15-19.) Plaintiff contends that she had only agreed to a total of seven hours over two days, but not to any extension of time beyond seven hours. (Doc. 19, 2:4-6.)

Defendant must show "good cause" to justify such a court order seeking to extend the deposition beyond seven hours. *See Pratt v. Archstone Willow Glen Apartments*, No. C08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (citing *Boston Scientific v. Cordis Corp.*, No. 5:02–CV–1474 JW (RS), 2004 WL 1945643, at *2 (N.D. Cal. Sept. 1, 2004)). "Considerations relevant to granting an extension include events occurring over a long period of time, the need fully to explore the theories upon which the witness relies, or, in multi-party cases, the need for each party to examine the witness with the understanding that duplicative questioning is to be avoided." *Pratt,* 2009 WL 2032469, at *1 (citing *Saunders v. Knight*, No. CV F 04-5924 AWI LJO, 2007 WL 38000, at *3 (E.D. Cal. Jan 4, 2007)); *see also Tatum v. Schwartz*, No. CIVS061440RRBEFB, 2008 WL 298824, at *2, n. 1 (E.D. Cal. Feb. 1, 2008) (noting that the Rule 30 Advisory Committee's notes require good cause to justify a court order extensively expanding the seven hour time limit and that the court should consider situations such as when the witness needs an interpreter, when the examination will cover events occurring over a long period of time, or when the witness will be questioned about numerous or lengthy documents).

Here, the parties have not indicated how many hours Plaintiff was deposed on her first day of examination, or how many hours Defendant has remaining of the seven hour limit to question Plaintiff during the second day. Defendant is advised to use its remaining deposition time wisely, as the reasons Defendant provided to request additional time do not appear to merit an extension based upon the Rule 30 Advisory Committee's notes. *See* Fed. R. Civ. P. 30 Advisory Committee Notes, 2000 Amendment. If Defendant believes that it still requires more time after concluding the full seven hours of Plaintiff's deposition, Defendant must show "good cause" as to why the

3

deposition could not be completed.  Defendant should further establish particularized categories of information it is seeking, explain why the deposition could not be concluded within the seven-hour time allowed, and indicate exactly how long will be needed to finish the deposition.  The parties are advised that the Court may not approve the request for additional time and, as such, Defendant should attempt to conclude Plaintiff's deposition within the time remaining.

**B.     Other Depositions**

Defendant contends that Plaintiff has been unwilling to schedule depositions of other witnesses until Plaintiff's deposition is concluded.  As the parties appear to have now agreed upon potential dates to conduct the second day of Plaintiff's deposition, they are encouraged to also schedule depositions of other witnesses.

**C.     Plaintiff's Responses to Defendant's Special Interrogatories, Set One**

As a general matter, the parties were informed at the December 4, 2012, scheduling conference with Judge Oberto that boilerplate objections are not looked upon favorably and will not be upheld.  As such, to the extent that Plaintiff has responded with boilerplate objections, supplemental responses are required.  Additionally, Plaintiff stated that she agreed to modify one of the answers to clarify that there was one employment contract entered containing various terms and conditions.  (Doc. 19, 3:15-17.)  If Plaintiff has not yet provided that supplemental answer, she should do so as soon as possible.  It is unclear what additional information Defendant is seeking, since its main contention seems to be that "Plaintiff's responses suggest that there were multiple alleged verbal agreements, (and at least one alleged written agreement) but the response is ambiguous and evasive."  (Doc. 18, 6:2-4.)  If Plaintiff's supplemental response clarifying the issue regarding the number of contracts does not sufficiently resolve this discovery dispute, Defendant must identify what other information is required, and the parties shall meet and confer in an attempt to limit the scope of the remaining disputes.

**D.     Plaintiff's Objections to Defendant's Second Request for Production of Documents**

The Court notes that Defendant's second request for production of documents was propounded on May 22, 2013, and responses are not yet due.  (*See* Doc. 19-3.)  However, the parties are encouraged to meet and confer to proactively resolve any disputed issues and to insure

that the scope of the request is limited to relevant time frames and issues.  For example, Defendant's Request Nos. 25-27 seek emails concerning Plaintiff's consulting work from 2008 through 2010; Plaintiff, however, was employed with Defendant from September 2008 to July 2010, and Defendant should thus clarify why documents are sought outside of that time period.  If the parties are unable to resolve disputes that arise, Defendant should inform the Court as to how the information sought is relevant and each party should address the extent to which they believe the scope of the discovery sought can be narrowed.  Plaintiff, however, is cautioned that she will likely be required to respond; as such, the parties are again encouraged to meet and confer and come to mutually agreeable terms regarding this dispute.

**E.      Discovery Related to Plaintiff's Emotional Distress Damages**

Defendant contends that Plaintiff has refused to produce medical records supporting her claim for emotional distress damages and anticipates that Plaintiff will object to deposition questions exploring Plaintiff's alleged emotional distress claims.  Plaintiff contends that legal precedent establishes that Defendant cannot obtain Plaintiff's medical records about her mental health simply because she is claiming emotional distress.  Plaintiff asserts that she has not waived any privilege as a result of claiming "garden variety" emotional distress.

Plaintiff relies on *Vinson v. Superior Court*, 43 Cal. 3d 833 (1987) for the contention that "[a] simple sexual harassment claim asking compensation for having to endure an oppressive work environment or for wages lost following an unjust dismissal would not normally create a controversy regarding the plaintiff's mental state."  (*See* Doc. 19, 4:27-5:4, (citing *Vinson*, 43 Cal. 3d. at 840).)  Plaintiff thus asserts that she has not waived the psychotherapist-patient privilege by simply alleging "garden-variety emotional distress or incidental emotional distress damages." (Doc. 19, 5:4-5.)  *Vinson*, however, also found that "[i]t is another matter entirely, however, when a party places his own mental state in controversy by alleging mental and emotional distress . . . [A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy."  *Id*. at 839.  The court in *Vinson* ultimately compelled the plaintiff to undergo a mental examination, finding that "the mental examination in this case largely grows out of plaintiff's emotional distress claim."  *Id*. at 847.  The court noted, however, that "[i]n

general it is unlikely that a simple sexual harassment suit will justify a mental examination.  Such examinations may ordinarily be considered only in cases in which the alleged mental or emotional distress is said to be ongoing."  *Id*. at 847; *see also Doyle v. Superior Court*, 50 Cal. App. 4th 1878, 1885-86 (1996) (discussing how *Vinson* had compelled a mental examination because the plaintiff had alleged continuing mental ailments).

The issue of psychotherapist-patient privilege waiver is not clear-cut, and a claim of emotional distress does not necessarily lead to a waiver of the psychotherapist-patient privilege. The court in *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 399 (E.D. Cal. 2009) set forth the federal courts' recognition of the psychotherapist-patient privilege and the two different approaches federal courts have taken in determining whether the privilege has been waived:

> In *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the United States Supreme Court formally recognized the psychotherapist-patient privilege. The Court specifically held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee*, 518 U.S. at 5, 116 S.Ct. 1923. The Court also recognized, without any further elaboration, that this privilege may be waived by the patient. *Jaffee*, 518 U.S. at 15 n. 14, 116 S.Ct. 1923.
>
> Under *Jaffee*, the party seeking to invoke the benefit of the privilege bears the burden of showing: 1) the therapist must be licensed, 2) the communications were confidential, and 3) the communications were made during the course of diagnosis or treatment. *United States v. Romo*, 413 F. 3d 1044, 1047 (9th Cir. 2005); *Speaker v. County of San Bernardino*, 82 F. Supp. 2d 1105, (C.D. Cal. 2000) (burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege exists). Thus, Plaintiff bears the burden of invoking the privilege.
>
> Even if a party meets the burden outlined above, a party may waive the privilege. Because the Supreme Court has not addressed the rule of waiver of the psychotherapist-patient privilege when a plaintiff brings forth claims based on emotional distress, two different approaches to the waiver have emerged since *Jaffee*. Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. *Sanchez v. U.S. Airways Inc.*, 202 F.R.D. 131 (E.D. Pa. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim and waives the privilege); *Sarko v. Penn-Del Directory Co*., 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in American with Disabilities Act case who alleged defendant did not accommodate her depression waived psychotherapist-patient privilege); *EEOC v. Danka Industries, Inc.*, 990 F. Supp. 1138 (E.D. Mo. 1997) (Plaintiff waived psychotherapist patient privilege by alleging emotional distress damages in sexual harassment case brought pursuant to Title VII).

6

1
2
3
4
5
6
7
8

Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997). Utilizing this approach, the psychotherapist privilege is not waived in cases such as this one, in which a plaintiff alleges generic damages for emotional distress. *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 621 (S.D. Cal. 1999) (holding that party did not waive the privilege by putting emotional state at issue.); *Ruhlman v. Ulster County Department of Social Services*, 194 F.R.D. 445, 448-449 (N.D. N.Y. 2000) ("A party does not put his or her emotional condition at issue by merely seeking incidental, 'garden variety' emotional distress damages, without more."); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-309 (N.D. Ill. 1999) (holding that privilege was not waived so long as plaintiff limits her testimony on emotional distress damages to common humiliation and embarrassment).

9

*Id.* 258 F.R.D. at 399.

10
11
12
13
14
15

Here, the Court does not have information to determine whether Plaintiff has properly invoked the psychotherapist-patient privilege or whether the broad or narrow approach should be considered relating to the circumstances of this case.  Again, the parties are encouraged to meet and confer in an attempt to resolve this dispute.  If a resolution cannot be reached, the parties should provide further briefing to the Court on this issue, discussing whether the psychotherapist-patient privilege is applicable, which approach should be considered, and why.

16

### III.    CONCLUSION AND ORDER

17

Accordingly, IT IS HEREBY ORDERED that:

18
19
20

1.    The parties SHALL engage in continued meet and confer efforts in an attempt to resolve their discovery disputes, and should consider the guidelines provided by the Court in this order regarding the disputed issues;

21
22
23

2.    The parties SHALL each submit to the Court and exchange with each other brief summaries (no longer than five (5) pages) discussing the outcome of the additional meet and confer efforts and setting forth any remaining discovery disputes; and

24   //
25   //
26   //
27   //
28   //

7

3.     The summaries SHALL be submitted to the Court by no later than **Friday, June 21, at 12:00 p.m. (noon)** via email at skoorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   <u>**June 17, 2013**</u>                              <u>         **/s/ Sheila K. Oberto**</u>
                                         UNITED STATES MAGISTRATE JUDGE