1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   DIANE THOMAS-YOUNG,                        Case No.  1:12-cv-01410-AWI-SKO

12                Plaintiff,

13        v.                                    **ORDER DENYING DEFENDANT'S REQUEST
                                                FOR PRODUCTION OF PLAINTIFF'S
                                                MEDICAL AND PSYCHOTHERAPY**
14   SUTTER CENTRAL VALLEY                      **RECORDS**
     HOSPITALS dba MEMORIAL
15   MEDICAL CENTER,

16                Defendant.

17

18                              **I.    INTRODUCTION**

19        On June 26, 2013, an informal telephonic discovery dispute conference was held in

20   chambers and off the record before Magistrate Judge Sheila K. Oberto   (Doc. 22.)  On June 27,

21   2013, the Court issued an Order re: Informal Discovery Dispute Conference, memorializing the

22   Court's rulings during the conference.  (Doc. 23.)  In pertinent part, the Court ruled that Plaintiff

23   Diane Thomas Young's ("Plaintiff") "claim for 'garden variety' emotional distress damages does

24   not waive the privilege regarding the content of her medical and psychotherapy records; however,

25   facts concerning the existence of such treatment are not privileged."  (Doc. 23, 2:26-3:1.)  Based

26   upon the arguments of the parties during the informal discovery dispute conference, the Court

27   further ruled that Defendant Sutter Central Valley Hospital DBA Memorial Medical Center's

28   ("Defendant") "may file a supplemental brief, with citations to Ninth Circuit and/or California

                                                 1

1    federal authority, to establish that Defendant is entitled to discovery of all of Plaintiff's medical

2    records due to Plaintiff's claim of garden variety emotional distress damages." (Doc. 23, 2:5-7.)

3         On July 1, 2013, Defendant submitted a Second Supplemental Brief re: Informal

4    Discovery Dispute seeking to compel the production of Plaintiff's medical records, contending

5    that Plaintiff's claim for emotional distress placed her mental and emotional condition at issue and

6    that Plaintiff waived her right to privacy or privilege in her medical and psychiatric records.

7    (Doc. 24.)  On July 3, 2013, Plaintiff filed a Reply Brief to Defendant's Second Supplemental

8    Brief, contending that California district court cases have found in favor of non-disclosure of

9    medical records when a plaintiff alleges garden variety emotional distress.  (Doc. 25.)

10        For the reasons set forth below, Defendant's request for production of Plaintiff's medical

11   and psychiatric records is DENIED.

12                    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

13        Plaintiff began working for Defendant as a Senior Philanthropic Advisor in September

14   2008.  (Doc. 1, p. 11, ¶ 11.)  Plaintiff asserts that she was recruited by Defendant over an

15   eight-month period while she was still employed with her longstanding employer, the American

16   Red Cross.  (Doc. 1, p. 11, ¶¶ 12-13.)  Plaintiff alleges that she negotiated a four-day workweek

17   prior to her employment with Defendant to be able to attend to her son's medical, legal, and life

18   needs; Plaintiff's son suffers from paranoid schizophrenia and is institutionalized.  (Doc. 1, pp.

19   11-13, ¶¶ 15-23.)

20        Plaintiff alleges that Defendant did not comply with the promises it had made regarding

21   personal time off and holiday pay, and further alleges that she was denied merit based salary

22   increases.  (Doc. 1, pp. 13-15, ¶¶ 27-37.)  During her time working for Defendant, Plaintiff

23   allegedly took protected family medical leave due to her and her mother's health conditions.

24   (Doc. 1, pp 15-16, ¶¶ 38-41.)  Prior to her return to work, a new Executive Director was hired by

25   Defendant; the new Executive Director objected to Plaintiff's four-day workweek, despite

26   Plaintiff's explanation that she had negotiated the four-day workweek due to her son's

27   schizophrenia.  (Doc. 1, pp 15-16, ¶¶ 42-44.)  Plaintiff was informed that she would have a

28   different work schedule, that she was required to work five days per week, and that

1    non-compliance would be interpreted as Plaintiff's voluntary resignation.  (Doc. 1, p. 16, ¶¶ 45-

2    46.)  Defendant would not reconsider its decision to alter Plaintiff's workweek despite Plaintiff's

3    written request.  (Doc. 1, p. 17, ¶¶ 47-48.)

4           Plaintiff alleges that, after contacting the Executive Director on a Friday that she did not

5    feel well and would not be in the office, Plaintiff was suspended without pay, placed on

6    "disciplinary action," and terminated.  (Doc. 1, pp. 17-18, ¶¶ 53-55.)

7           Plaintiff alleges causes of action for (1) breach of contract, (2) breach of the covenant of

8    good faith and fair dealings, (3) promissory fraud, (4) fraud, (5) negligent misrepresentation,

9    (6) interference with California Family Rights Act ("CFRA") leave, (7) interference with Family

10   Medical Leave Act ("FMLA"), (8) discrimination and retaliation in violation of CFRA leave, and

11   (9) wrongful discharge in violation of public policy.  (Doc. 1, pp. 18-25, ¶¶ 58-109.)  Plaintiff

12   seeks compensatory damages, including lost wages, earnings, retirement benefits, and other

13   employee benefits; money judgment for mental pain and anguish and emotional distress; a

14   percentage of the earnings earned by Defendant due to Defendant's acts, punitive damages, and

15   attorney's fees and costs.  (Doc. 1, pp. 25-27.)

16          Plaintiff's complaint was filed in the Stanislaus County Superior Court on April 5, 2012,

17   and removed by Defendant on August 27, 2012.  (Doc. 1.)  Prior to the scheduled June 12, 2013,

18   mid-discovery status conference, the parties informed the Court that they had various discovery

19   disputes.  (Docs. 17-19.)  The Court vacated the mid-discovery status conference, set an informal

20   discovery dispute conference for June 26, 2013, and ordered the parties to provide supplemental

21   briefing prior to the conference.  (Docs. 20-21.)  The informal discovery dispute conference was

22   held on June 27, 2013, and the Court issued an Order Re: Informal Discovery Dispute Conference

23   on June 26, 2013, setting forth the Court's rulings.  (Docs. 22-23.)  The Court permitted the

24   parties to provide supplemental briefing regarding Plaintiff's emotional distress damages claim.

25   (Doc. 23, 2:4-11.)  On July 1, 2013, Defendant filed its supplemental brief, and on July 3, 2013,

26   Plaintiff filed her response.  (Docs. 24-25.)

27

28

**III.   DISCUSSION**

In preparation for the June 26, 2013, informal discovery dispute conference, the parties each submitted letters briefs indicating that various discovery disputes had arisen between the parties, including a dispute concerning the production of Plaintiff's mental health and other medical records.  Defendant sought the production of these records, contending that Plaintiff had waived any privilege to the medical records by asserting a claim for emotional distress.  Plaintiff, however, contended that a claim for "garden variety" emotional distress damages did not waive her right to privacy regarding her mental health and medical records.

The Court requested additional briefing on the various discovery disputes (Doc. 21), discussed the disputed issues with the parties at the informal discovery dispute conference, and ruled that "Plaintiff's claim for 'garden variety' emotional distress damages does not waive the privilege regarding the content of her medical and psychotherapy records; however, facts concerning the existence of such treatment are not privileged."  (Doc. 23, 2:26-3:3.)  The Court further ruled that "Defendant may file a supplemental brief, with citations to Ninth Circuit and/or California federal authority, to establish that Defendant is entitled to discovery of all of Plaintiff's medical records due to Plaintiff's claim of garden variety emotional distress damages."  (Doc. 23, 2:5-7.)  Defendant filed a supplemental brief on this issue, and Plaintiff filed a response.  (Docs. 24, 25.)

Defendant's Special Interrogatory No. 21 requests that Plaintiff "[i]dentify each medical provider, including physicians, doctors, psychotherapists, and counselors who provided treatment or examination to [Plaintiff] from 2005 to the present."  (Doc. 25, 7:9-11.)

**A.     Psychotherapy and Mental Health Records**

**1.     Legal Standard**

The Court set forth the legal standard regarding the psychotherapist-patient privilege in its June 21, 2013, Order Requiring Supplemental Briefing prior to the informal discovery dispute conference.  (Doc. 21.)

> The issue of psychotherapist-patient privilege waiver is not clear-cut, and a claim of emotional distress does not necessarily lead to a waiver of the psychotherapist-patient privilege.  The court in *E.E.O.C. v. California Psychiatric Transitions*,

4

1

2

258 F.R.D. 391, 399 (E.D. Cal. 2009) set forth the federal courts' recognition of the psychotherapist-patient privilege and the two different approaches federal courts have taken in determining whether the privilege has been waived:

3

4

5

6

7

In *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the United States Supreme Court formally recognized the psychotherapist-patient privilege. The Court specifically held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee*, 518 U.S. at 5, 116 S.Ct. 1923. The Court also recognized, without any further elaboration, that this privilege may be waived by the patient. *Jaffee*, 518 U.S. at 15 n. 14, 116 S.Ct. 1923.

8

. . .

9

10

11

12

13

14

15

Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. *Sanchez v. U.S. Airways Inc.*, 202 F.R.D. 131 (E.D. Pa. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim and waives the privilege); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in American with Disabilities Act case who alleged defendant did not accommodate her depression waived psychotherapist-patient privilege); *EEOC v. Danka Industries, Inc.*, 990 F. Supp. 1138 (E.D. Mo. 1997) (Plaintiff waived psychotherapist patient privilege by alleging emotional distress damages in sexual harassment case brought pursuant to Title VII).

16

17

18

19

20

21

22

23

24

Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997). Utilizing this approach, the psychotherapist privilege is not waived in cases such as this one, in which a plaintiff alleges generic damages for emotional distress. *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 621 (S.D. Cal. 1999) (holding that party did not waive the privilege by putting emotional state at issue.); *Ruhlman v. Ulster County Department of Social Services*, 194 F.R.D. 445, 448-449 (N.D. N.Y. 2000) ("A party does not put his or her emotional condition at issue by merely seeking incidental, 'garden variety' emotional distress damages, without more."); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-309 (N.D. Ill. 1999) (holding that privilege was not waived so long as plaintiff limits her testimony on emotional distress damages to common humiliation and embarrassment).

*Id*. 258 F.R.D. at 399.

25

26

(Doc. 21, 6:6-7:9.)

27

28

5

**2.      Psychotherapist-Patient Privilege Not Waived by Plaintiff's Emotional Distress Claim**

Defendant is requesting that Plaintiff identify each psychotherapist and counselor who treated Plaintiff for an eight-year period from 2005 to present.  (Doc. 25, 7:9-11.)  At the informal discovery dispute conference, the Court  determined that the "narrow" approach to the psychotherapist-patient privilege was applicable in this case, the information sought by Defendant was protected by the psychotherapist-patient privilege, and that Plaintiff's claim for "garden variety" emotional distress damages did not waive that privilege.  (*See* Doc. 23, 1:26-2:3.)  The Court must consider, based on the facts of this case, whether Plaintiff has waived the psychotherapist-patient privilege.

**a.      The Cases Relied Upon by Defendant are Distinguishable**

Defendant urges the Court to instead consider the "broad" approach, and relies on two Eastern District of California cases, *Cal. Psychiatric Transitions*, 258 F.R.D at 393-98, and *Thomason v. Skywest Airlines, Inc.*, No. 1:12-CV-00097 LJO GSA, 2012 WL 4052034, at *5 (E.D. Cal. Sept. 14, 2012), for the assertion that courts have "consistently" held that a plaintiff who claims general garden-variety emotional distress places her mental and emotional condition at issue and waives any right to privacy or privilege in her medical and psychiatric records.  (Doc. 24, 2:12-6:5.)

As the Court explained during the informal telephonic discovery dispute conference, the decision to apply the broad approach in *Cal. Psychiatric Transitions* is distinguishable from the facts in this case.   In *Cal. Psychiatric Transitions*, the Equal Employment Opportunity Commission ("EEOC") was suing the defendant on behalf of two female claimants for sexual harassment and discrimination under Title VII of the Civil Rights Act of 1946, 42 U.S.C. § 2000e-2(a). *Cal. Psychiatric Transitions*, 258 F.R.D. at 392-93.  The defendant subpoenaed the medical records of one of the claimants who was on permanent disability due to depression, and the EEOC sought to quash the subpoena, asserting that the requested documents were protected by the psychotherapist-patient privilege and that the claimant had not waived the privilege by alleging a claim for garden variety emotional distress damages.  *Id*. at 398.

1    As discussed above, the court considered the broad versus narrow approach to the

2  psychotherapist-patient privilege and, based on "the facts of [the] case," determined that the broad

3  approach should apply in that case.  *Id*. at 400.  "Although no specific emotional injury was

4  alleged, or no claim of intentional infliction of emotional distress was made, the only remedy the

5  EEOC is seeking on behalf of [the claimant] is emotional distress damages resulting from the

6  alleged sexual harassment. Thus, *the emotional distress damages is the crux of Plaintiff's claim*."

7  *Id*. (emphasis added).  The court found that, because the claimant "remain[ed] on permanent

8  disability under treatment with [a mental health practitioner] for depression," "[t]he emotional

9  distress she allegedly suffered as a result of the sexual harassment could have been [a]ffected by

10  her depression and vice versa."  *Id*. at 398, 400.  As such, the court held that the "[d]efendant

11  should be able to determine whether [the p]laintiff's emotional state may have been [a]ffected by

12  something other than [the d]efendant's alleged actions" and ordered the production of the mental

13  health records at issue.  *Id*. at 400.

14    Here, Plaintiff's garden variety emotional distress claim is *not* the crux of her complaint.

15  Plaintiff is seeking damages due to Defendant's alleged breach of contract, fraud, negligent

16  misrepresentation, interference and discrimination in violation of CFRA leave and FMLA, and

17  wrongful discharge.  (Doc. 1, pp. 39-46.)  The damages sought by Plaintiff consist of

18  compensatory damages, including lost wages, earnings, retirement benefits, and other employee

19  benefits, as well as damages for emotional distress. (Doc. 1, pp. 46-18.)  As such, the facts here

20  are distinguishable from the circumstances in *Cal. Psychiatric Transitions*, where the only

21  remedy sought was based on the claimant's emotional distress damages.  *Cal. Psychiatric*

22  *Transitions*, 258 F.R.D. at 400.

23    Defendant's reliance on *Thomason* is also unavailing.  In *Thomason*, the plaintiff asserted

24  claims for failure to prevent discrimination and harassment and for discrimination and harassment

25  based on religious creed.  *Thomason*, 2012 WL 4052034, at *1.  Plaintiff also alleged a personal

26  injury claim.  *Id*. at *2.  The defendant sought production of the plaintiff's medical records, and

27  the plaintiff sought to quash the subpoenas, asserting that "she did not seek any treatment from

28  any health provider related to her claims, there are no records and that her discovery responses

7

1    'amount to nothing more than the customary pain and suffering' claims or 'garden-variety'

2    emotional distress claims." *Id*.  The defendant contended that the request for plaintiff's medical

3    records was directly relevant to the plaintiff's claim for personal injury damages, the plaintiff had

4    not withdrawn or modified the claim in a way that precluded discovery, the plaintiff had

5    identified that doctor at issue as a person with discoverable knowledge, and plaintiff's assertion of

6    a personal injury claim waived her right to assert the physician-patient privilege. *Id*.

7         The court found that "[b]ecause [the p]laintiff has alleged physical injuries and pain and

8    suffering, any medical documents related to such injuries are clearly relevant and discoverable

9    . . ."   *Id*. at *5.    The court further determined that, "[b]y claiming emotional distress,

10   embarrassment, humiliation or the like, as a result of her dismissal by [the defendant, the

11   p]laintiff put her psychological state at issue and [the d]efendant is entitled to discovery in this

12   area." *Id*.  The court did not consider the broad or narrow approach to the psychotherapist-patient

13   privilege, but instead ordered the production of documents from one medical doctor, whom the

14   plaintiff had identified as having discoverable knowledge, due to the plaintiff's claim for both

15   physical and emotional injuries. *Id.* at *5-*6.

16        Here, Plaintiff has not alleged any physical injuries due to Defendant's conduct, nor does

17   it appear that she had identified any medical providers as having discoverable information.

18   Further, Defendant's assertion that the court in *Thomason* "followed the 'broad approach' and

19   ultimately rejected the plaintiff's arguments" because "the plaintiff claimed only 'garden-variety'

20   emotional injuries" is inaccurate. (Doc. 24, 4:19-21.)  The court in *Thomason* did not discuss the

21   broad or narrow approach to discovery concerning garden variety emotional distress claims, and

22   therefore did not choose one approach over the other. *Thomason*, 2012 WL 4052034, at *4-*6.

23   Instead, the court focused on the plaintiff's claims for physical injuries as well as emotional

24   distress, and determined that the production of medical records was required under those

25   circumstances.

26        Defendant further relies on several cases from other districts around the country that are

27   not within the Ninth Circuit or California, despite specifically being ordered by the Court to

28   provide "citations to Ninth Circuit and/or California federal authority [] to establish that

1    Defendant is entitled to discovery of all of Plaintiff's medical records due to Plaintiff's claim of

2    garden variety emotional distress damages." (Doc. 23, 2:5-7.)  While the Court recognizes that

3    other district courts can be persuasive authority, Defendant presents these cases without any

4    explanation why they should be considered over Ninth Circuit or California federal authority,

5    especially in light of the Court's request for information regarding how the issue was decided by

6    courts within the Ninth Circuit generally and California specifically.

7    **b.    California District Courts Have Found that Garden Variety Emotional**
     **Distress Claims do Not Constitute a Waiver of Privilege or Privacy**
8

9    Plaintiffs cite to several California district courts that have held that plaintiffs alleging

10   garden variety emotional distress damages do not waive psychotherapist-patient or privacy

11   privileges.  In *E.E.O.C. v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006), the EEOC brought suit

12   on behalf of a female employee who alleged sexual harassment by the defendants.  *Id*. at 222.

13   The suit sought compensation for emotional distress, indignity, loss of enjoyment of life, loss of

14   self-esteem, and humiliation.  *Id*.  The employee did not claim ongoing emotional distress, nor did

15   the EEOC intend to offer expert testimony or evidence from any medical records to support the

16   emotional distress claim.  *Id*.  The defendants sought the employee's medical records, contending

17   that they were needed to establish her veracity and whether she had a preexisting condition that

18   caused her distress.  *Id*.  The EEOC moved to quash, asserting that the employee had not waived

19   her privacy rights by bringing a garden variety claim for emotional distress.  *Id*.

20   The court agreed with the EEOC, finding that the employee had "a right of privacy under

21   both federal and California constitution." *Id*. at 223-24 (citing California Constitution, Article I,

22   section 1; *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) (right to privacy is implied in the

23   1st, 3rd, 4th, 5th, and 9th Amendments); *Heda v. Superior Court*, 225 Cal. App. 3d 525, 527, 275

24   (1990); *San Diego Trolley, Inc. v. Superior Court*, 87 Cal. App. 4th 1083, 1092 (2001); Health

25   Information Portability and Accountability Act ("HIPAA") 42 U.S.C. § 299b-2).  The court

26   further determined that the employee had "not waived her right of privacy by asserting more than

27   a garden-variety claim of emotional distress."  *Id.* at 224 (citing *Turner v. Imperial Stores*,

28   161 F.R.D. 89, 97 (S.D. Cal.1995)).

1      The court found that the claim of emotional distress alone does "not justify disclosure of

2    any medical records."  *Id*.  A claim for emotional distress damages "suffered as a result of

3    defendants' actions as alleged in the complaint . . .  does not exceed the suffering and loss an

4    ordinary person would likely experience in similar circumstances, and constitutes matters that are

5    within the everyday experience of the average juror."  *Id*. (citation and quotation marks omitted).

6    The court explained that the "test" of whether the defendants should obtain access to the "medical

7    records is not relevance − the records may be highly relevant − but the test is whether the

8    privilege has been waived by putting the privileged information at issue."  *Id*. (citation and

9    quotation marks omitted).  The court held that under the circumstances of the case, where the

10    plaintiff had volunteered that she suffered garden-variety emotional distress and did not intend to

11    use physician testimony or present evidence regarding any treatment, the plaintiff's "medical

12    records are privileged by her right to privacy under California and federal law."  *Id*.

13       Here, the circumstances are similar to those set forth in *Serramonte*. Plaintiff's claim for

14    emotional distress damages is based on the circumstances surrounding Defendant's alleged breach

15    of contract and Plaintiff's loss of employment, and is a garden variety emotional distress claim.

16    Further, Plaintiff has agreed that she will not introduce medical evidence to support her emotional

17    distress claim.

18       Plaintiff also cites to *Valiavacharska v. Celaya*, No. 10-4847 JSC, 2011 WL 4479341, at

19    *2-*4 (N.D. Cal. Sept. 26, 2011), which found that when the plaintiff alleged garden variety

20    emotional distress and agreed that she would not introduce expert or medical evidence in support

21    of her an emotional distress claim, the defendant's subpoena of medical records should be

22    quashed.  *Id*. at *2-*3.  The court found that "[t]he case law is clear, however, that it is not

23    *seeking* treatment but rather *attempting to introduce evidence* of such treatment that determines

24    whether Plaintiff's mental health is at issue."  *Id*. at *3.  Since the plaintiff was not going to

25    introduce such evidence, the subpoena to produce medical records was quashed.

26       In *Stallworth v. Brollini*, 288 F.R.D. 439 (N.D. Cal. 2012), the court held that the plaintiff

27    need not provide medical records or identify the health care providers who treated the plaintiff for

28    her alleged emotional distress damages.  *Id*. at 442-44.  The court found that since the plaintiff

1   stated she would not introduce evidence or expert medical testimony regarding emotional distress

2   at trial, she met "her burden to show that she has not waived the [psychotherapist- patient]

3   privilege." *Id.* at 444.

4           A court must analyze the facts within a specific case to determine whether the plaintiff's

5   claim for emotional distress damages constitutes a waiver of the psychotherapist-patient privilege.

6   Essentially, such a waiver occurs when the emotional distress damages are the crux of the

7   plaintiff's claim. *See Cal. Psychiatric Transitions*, 258 F.R.D. at 400.  Here, Plaintiff's claim for

8   emotional distress damages is merely incidental to her employment breach of contract and

9   wrongful discharge claim.  Further, Plaintiff has indicated that she does not intend to introduce

10  medical records or expert testimony regarding her emotional distress.  This supports her claim

11  that she is alleging garden variety emotional distress and has not waived the privilege regarding

12  her medical records. *See Serramonte*, 237 F.R.D. at 224; *Stallworth*, 288 F.R.D. at 444.

13          Accordingly, Defendant's request that Plaintiff produce psychotherapy and mental health

14  records is DENIED.[1]

15  **B.      Other Medical Records**

16          Defendant contends that Plaintiff should identify and produce all medical records during

17  an eight-year period, not just the records related to Plaintiff's psychotherapy treatment, asserting

18  that such evidence is relevant to Plaintiff's claim for emotional distress damages. (Doc. 24, 8:8-

19  10:5.)  Defendant, however, does not explain how all of Plaintiff's medical records are relevant to

20  Plaintiff's emotional distress claims, but instead merely asserts that they are, in fact, relevant.

21          Although Plaintiff's additional medical records are not covered by the psychotherapist-

22  patient privilege, Plaintiff has a right to privacy under both federal and California constitutions.

23  *See Serramonte*, 237 F.R.D. at 223-24 (citing California Constitution, Article I, section 1;

24  *Griswold*, 381 U.S. at 484 (right to privacy is implied in the 1st, 3rd, 4th, 5th, and 9th

25  Amendments); *Heda*, 225 Cal. App. 3d at, 527; *San Diego Trolley, Inc.*, 87 Cal. App. 4th at 1092

26  (2001); HIPAA 42 U.S.C. § 299b-2).   There is "a constitutional right to privacy, more

27
------
[1] The Court notes, however, that this denial is based in part on Plaintiff's representation that she will not introduce
28  evidence of medical records or expert testimony at trial in support of her claim for emotional distress.

1    specifically, a constitutional right to nondisclosure of one's personal information."   *Stallworth*,

2    288 F.R.D. at 444 (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Nixon v. Administrator of*

3    *Gen. Serv.*, 433 U.S. 425, 457 (1977)).

4    As noted above, the "test" of whether a defendant should obtain access to the "medical

5    records is not relevance – the records may be highly relevant – but the test is whether the

6    privilege has been waived by putting the privileged information at issue."   *Serramonte*,

7    237 F.R.D. at 224.   A plaintiff does not waive her right to privacy by asserting garden-variety

8    emotional distress claims.   *See id.* (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 97-98 (S.D.

9    Cal. 1995) (holding that the plaintiff had not put her mental condition in controversy by claiming

10   damages for humiliation, mental anguish, and emotional distress).   Further, since Plaintiff has

11   agreed that she will not produce medical records or expert testimony in support of her emotional

12   distress claim, Plaintiff's medical records are protected.   *See Stallworth*, 288 F.R.D. at

13   444 (finding that the defendants were not entitled to the plaintiff's medical records based on her

14   emotional distress claim).

15   Defendant seeks the identity of all of Plaintiff's medical providers, general medical

16   history, dates of treatment, medications, and other similar information.   (Doc. 24, 8:8-10:5.)

17   However, California district courts have held that such information is protected by the plaintiff's

18   right to privacy.   *See Stallworth*, 288 F.R.D. at 444 (holding that the defendants were permitted to

19   ask the plaintiff about whether she sought or received medical information without knowing the

20   providers names); *Serramonte*, 237 F.R.D. at 224 (holding that the claimant's medical records

21   were privileged by her right to privacy under California and federal law but that the defendants

22   could depose the claimant to ascertain the extent and nature of her past emotional distress);

23   *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003) (finding that the when privilege bars

24   access to medical records, the defendant may question the plaintiff about stressors and other

25   contributing factors that may have contributed to her alleged emotional distress; the defendant is

26   also entitled to the occurrence and dates of treatment, and may examine percipient witnesses or

27   find other evidence to show that plaintiff's description of her emotional distress is exaggerated).

28

As such, Defendant's request that Plaintiff identify her medical providers and provide all medical records is DENIED.  However, as previously ordered, Defendant may question Plaintiff regarding facts concerning her medical treatment, including dates of treatment, and may question Plaintiff regarding stressors and other contributing facts that potentially contributed to her alleged emotional distress.

### IV.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's request that Plaintiff produce her medical and psychotherapy records is DENIED;

2.    Plaintiff need not respond to Defendant's Special Interrogatory No. 21, which requires Plaintiff to identify all medical providers she has sought treatment with over the last eight (8) years; and

3.    Pursuant to Plaintiff's representations, Plaintiff shall not introduce evidence of medical records or expert testimony at trial regarding her claim for emotional distress.

IT IS SO ORDERED.

Dated:   **July 10, 2013**                              **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE